IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PETER PRITCHETT, JR., # 284708, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEWAYNE ESTES, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:13cv548-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Peter Pritchett, Jr. ("Pritchett"). Doc. No. 1.[1]

## I.   BACKGROUND

On May 22, 2012, a Randolph County jury found Pritchett guilty of enticing a child for immoral purposes, in violation of § 13A-6-69, Ala. Code 1975, and electronic solicitation of a child, in violation of § 13A-6-122, Ala. Code 1975.  On June 20, 2012, the trial court sentenced Pritchett to concurrent terms of seven years in prison for the enticement count and fifteen years in prison for the electronic-solicitation count.  The sentence was split, with Pritchett to serve thirty months of incarceration to be followed by five years of probation.  Pritchett filed no direct appeal.

On July 22, 2013, Pritchett filed this *pro se* petition for writ of habeas corpus under

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

28 U.S.C. § 2254[2] claiming that (1) the State's evidence was insufficient to support his convictions and (2) he is actually innocent of the offenses of which he was convicted. Doc. No. 1 at 5, 8-9. On August 16, 2013, after receiving the $5.00 filing fee from Pritchett, this court entered an order directing the respondents to file an answer to the § 2254 petition by September 6, 2013. Doc. Nos. 3 & 4.

On July 31, 2013 – nine days after he filed his § 2254 petition – Pritchett filed a *pro se* petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Resp'ts Ex. J. In his Rule 32 petition, Pritchett claimed (1) he was "constructively denied" his right to counsel at trial and sentencing; (2) the trial court erred in denying his motion for judgment of acquittal; and (3) the trial court erred in denying his motion for a new trial. *Id*. Pritchett's Rule 32 petition was accompanied by an application to proceed *in forma pauperis* ("IFP"), but did not include a certified prison account statement as required by Ala.R.Crim.P. 32.6(a). *Id*. at 23-25.

On August 20, 2013, the trial court entered an order denying Pritchett's IFP application because it was not accompanied by his prison account statement. Resp'ts Ex. J. On August 23, 2013, Pritchett resubmitted an IFP application, this time including the

---

[2] Although Pritchett's § 2254 petition was date-stamped as received in this court on July 31, 2013, it was signed by Pritchett on July 22, 2013. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Pritchett] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

requisite prison account statement. Resp'ts Ex. L. On September 4, 2013, the trial court entered an order denying Pritchett's IFP application, finding that his prison account statement showed he had received over $1,800 in deposits within the preceding twelve months. Resp'ts Ex. N at 5. In the same order, the trial court dismissed Pritchett's Rule 32 petition for failing to pay the filing fee.[3] *Id*.

On September 5, 2013 (Doc. No. 8), this court received the respondents' answer to Pritchett's § 2254 petition. In their answer, the respondents argued that Pritchett's habeas claims were unexhausted and procedurally defaulted and that he had failed to prove cause and prejudice excusing the default or to establish his actual innocence. *Id*. at 6-9.

On September 17, 2013 (Doc. No. 13), Pritchett replied to the respondents' answer, arguing that his actual innocence excused his procedural default. This court directed the respondents to file a supplemental answer addressing Pritchett's claim of actual innocence. Doc. No. 14. In their supplemental answer, filed October 22, 2013, the respondents argued that Pritchett's claim of actual innocence was unsupported by new reliable exculpatory evidence, as required by *Schlup v. Delo*, 513 U.S. 298 (1995), and thus did not overcome his procedural default. Doc. No. 17 at 2-4. Pritchett replied to the respondents' supplemental answer on October 28, 2013. Doc. No. 21.

On May 14, 2015, this court directed the respondents to file a second supplemental answer discussing, among other things the results of any state court proceedings on

---

[3] The filing fee appears to have been $274. *See* Resp'ts Ex. N at 6.

Pritchett's Rule 32 petition and the effect such proceedings might have on the issues presented in his § 2254 petition. Doc. No. 30. In their second supplemental answer, filed on June 11, 2015 (Doc. No. 33), the respondents noted that after the trial court dismissed Pritchett's Rule 32 petition on September 4, 2013, for failing to pay the filing fee,[4] Pritchett sent a money order to the circuit clerk seeking to pay the filing fee, but the money order was returned to Pritchett on September 20, 2013, because it was for an incorrect amount.[5] *See* Doc. No. 33 at 2; Resp'ts Ex. N at 6. Evidentiary materials submitted by the respondents show that Pritchett sent a status inquiry to the circuit clerk, which the circuit clerk responded to on October 15, 2013, advising Pritchett that, because his original Rule 32 petition was dismissed for failing to pay the filing fee, if he wished to proceed, he would need to file another Rule 32 petition accompanied by the correct filing fee. Resp'ts Ex. N at 10. On November 12, 2013, Pritchett resubmitted his Rule 32 petition to the trial court,[6] this time with the appropriate filing fee. Resp'ts Ex. O at 2, 4. The State filed an answer arguing, among other things, that the Rule 32 petition was time-barred under Ala.R.Crim.P. 32.2(c).

---

[4] When filing their original answer on September 5, 2013, the respondents were unaware of the trial court's September 4, 2013, order dismissing Pritchett's Rule 32 petition.

[5] It appears that Pritchett's money order was for only $201.00 of the $274.00 filing fee. Resp'ts Ex. N at 6.

[6] The Rule 32 petition resubmitted by Pritchett on November 12, 2013, contains the same claims as his Rule 32 petition previously dismissed for failing to pay the filing fee. Resp'ts Ex. O at 4-25.

4

*Id*. at 31-33. It appears that, as of July 20, 2015,[7] Pritchett's Rule 32 petition remains pending in the state trial court.

In their second supplemental answer filed with this court, the respondents reassert their argument (presented in their original answer and in their first supplemental answer) that the claims in Pritchett's § 2254 petition are procedurally defaulted. Doc. No. 33. The respondents further maintain that the Rule 32 petition Pritchett submitted on November 12, 2013 (still pending in the trial court), was not "properly filed" before expiration of one-year limitation period in Ala.R.Crim.P. 32.2(c). *Id*. By implication, it appears the respondents' position is that any proceedings on Pritchett's pending Rule 32 petition have no bearing on disposition of the issues presented in his § 2254.

After reviewing the parties' submissions, the record, and the pertinent law, the undersigned finds that Pritchett is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Procedural Default

As indicated in the procedural history recounted above, Pritchett presents only two identifiable claims in his § 2254 petition: one challenging the sufficiency of the State's

---

[7] July 20, 2015, is the date on which Pritchett filed a reply to the respondents' second supplemental answer. *See* Doc. No. 38. Representations by Pritchett in this reply indicate that the trial court has yet to rule on his Rule 32 petition.

evidence and the other alleging that he is actually innocent of the offenses of which he was convicted.[8]  Doc. No. 1 at 5, 8-9.  The respondents argue that Pritchett is procedurally defaulted on his claim challenging the sufficiency of the State's evidence because he failed to exhaust the claim in state court and any attempt to exhaust the claim now would be barred by applicable state procedural rules.  Doc. No. 8 at 6-9; Doc. No. 33 at 3-5.  Specifically, the respondents argue that Pritchett took no direct appeal pursuing a claim challenging the sufficiency of the States's evidence and that it is too late for him to return to state court to do so.  Doc. No. 8 at 7.

The procedural-default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[S]tate prisoners must give the state courts

---

[8] Although Pritchett's Rule 32 petition, which he filed in the state trial court *after* he initiated the instant § 2254 action, contained (in addition to a claim challenging the sufficiency of the States's evidence) claims that he was constructively denied his right to counsel at trial and sentencing and that the trial court erred in denying his motion for a new trial, he did not amend his § 2254 petition to assert these additional claims.  Only his challenge to the sufficiency of the evidence and his claim of actual innocence are before this court.

     The court notes that if Pritchett is advancing his actual-innocence claim as a freestanding constitutional claim, "it is not clear at all under the case law whether ... a freestanding actual innocence claim [ ] is viable on federal habeas corpus review." *In re Davis*, 565 F.3d 810, 816-17 (11th Cir. 2009).  Further, assuming solely for argument that Pritchett may advance a freestanding actual-innocence claim, the claim is procedurally defaulted for the same reason this court finds his sufficiency-of-the-evidence claim to be procedurally defaulted:  he failed to exhaust such a claim in the state courts.  Because (as noted *infra* in this Recommendation) Pritchett also appears to advance his actual-innocence claim as a gateway to having his otherwise procedurally barred claims considered on the merits, the court discusses his actual-innocence claim in the context of whether he has demonstrated his actual innocence and is thereby entitled to have his defaulted claims reviewed on the merits.  *See Schlup v. Delo*, 513 U.S. 298, 315 (1995).

6

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The record supports the respondents' contention that Pritchett failed to exhaust his sufficiency-of-the-evidence claim by presenting it in a direct appeal and pursuing it through one complete round of Alabama's established appellate review process. Claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Here, as the respondents correctly assert, no state remedy remains by which Pritchett may now present his unexhausted claim, because any attempt to exhaust the claim in state court would be barred by applicable state procedural rules. It is too late for Pritchett to seek a direct appeal presenting his claim that the State's evidence was insufficient to support his convictions, and the remainder of Alabama's appellate review process is foreclosed as to this claim. *See* Ala.R.App.P. 4(b)(1) (defendant in a criminal case must file notice of appeal within 42 days after sentence is pronounced); Ala.R.App.P. 39(c)(1) & 40(d)(1) (application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court).[9] Therefore, Pritchet's sufficiency-of-the-evidence claim is

---

[9] Even if Pritchett's Rule 32 petition is not found to be untimely under Ala.R.Crim.P. 32.2(c),
(continued...)

7

procedurally defaulted.

### B.   Exceptions for Procedural Default

This court may reach the merits of a procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96.  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

#### 1.   Cause and Prejudice

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice in this context, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

---

[9](...continued)
any sufficiency-of-the-evidence claim by Pritchett would be procedurally barred in a Rule 32 proceeding as a claim that was raised and addressed at trial, *see* Ala.R.Crim.P. 32.2(a)(2), and as claim that could have been but was not raised on appeal, *see* Ala.R.Crim.P. 32.2(a)(4).

8

*United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Murray*, 477 U.S. at 494 (1986).

Pritchett does not try to demonstrate cause for his failure to present his unexhausted sufficiency-of-the-evidence claim to the state courts in compliance with applicable procedural rules. Consequently, he may not obtain review of his defaulted claim on this basis.

### 2.  Actual Innocence

Pritchett contends that he is actually innocent of the crimes of which he was convicted. *See, e.g.*, Doc. Nos. 1 and 13. Demonstrated actual innocence may overcome a procedural bar in a habeas proceeding to provide a gateway to federal review of an otherwise defaulted § 2254 claim. *See Murray,* 477 U.S. at 495-96; *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

9

> As the Supreme Court in *Schlup* observed:
>
> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Most of Pritchett's arguments regarding his alleged actual innocence seek to have this court review the evidence presented at trial and amount to nothing more than challenges to the sufficiency of and/or the weight afforded the evidence. *See, e.g.,* Doc. No. 1 at 8-9; Doc. No. 11 at 1-2; Doc. No. 19 at 2. Such arguments will not sustain a claim of actual innocence. *Bousley*, 523 U.S. at 623-24; *see, e.g., Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations of prosecution's failure to prove essential elements of offense go to sufficiency of and/or weight afforded the evidence presented and do not constitute "new reliable evidence" going to petitioner's actual innocence); *Brown v. Dretke*, 2003 WL 22251389, at *1-2 (N.D. Tex. Sep. 30, 2003) (holding petitioner's burden of establishing actual innocence to excuse procedural default had not been met despite allegations of a fatal variance between the indictment and the evidence).

Elsewhere, Pritchett contends that a DHR employee named Autumn White informed him some time prior to trial that the minor victim told her that Pritchett "never made any sexual contact or sexual advances toward her" and never sent her any obscene material or

text messages to her cell phone. *See* Doc. No. 13-1 at 1. Self-evidently, the alleged information from Autumn White was available to Pritchett before trial and thus does not constitute new evidence. Further, had White testified consistently with the matters alleged by Pritchett, the jury could weigh and assess the credibility of her testimony against the strong evidence of Pritchett's guilt presented by the State. Such testimony from White, if presented, would have amounted to nothing more than impeachment evidence to challenge the credibility of the witnesses who testified for the State. Pritchett submits no affidavit from White in which White confirms Pritchett's assertions regarding what the victim allegedly told her. In fact, the only record submission containing White's signature is a copy of a letter White apparently sent to Pritchett on behalf of the DHR during the investigation-stage of the case in which White informs Pritchett that the DHR found reasonable cause to believe Pritchett had sexually exploited the victim by asking her for sex and discussing sexual matters with her via cell phone text messages. Doc. No. 38-5 at 2. This conflicts with Pritchett's claim regarding what White allegedly told him that the victim had told her.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Pritchett's is not such a case. Pritchett does not present new reliable evidence to carry his heavy burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See Schlup*, 513 U.S. at 327.

11

Therefore, his assertion of actual innocence provides no gateway for review of his procedurally defaulted claim, and the claim is foreclosed from federal habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 10, 2015.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of October, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE