IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PETER PRITCHETT, JR., #284708, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CASE NO. 3:13-cv-548-WHA |
| DEWAYNE ESTES, et al., | ) ) ) |
| Respondents. | ) ) |

# **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #39), entered on October 22, 2015, and the Petitioner's Objections (Doc. #40), filed on November 5, 2015.

The court has performed an independent evaluation and *de novo* review of the file in this case, and having done so, finds the objections to be without merit.

Pritchett presented only two identifiable claims in his § 2254 petition: one challenging the sufficiency of the State's evidence and the other alleging he is actually innocent of the offenses of which he was convicted (enticing a child for immoral purposes and electronic solicitation of a child).

The Magistrate Judge's Recommendation finds that Pritchett procedurally defaulted on his claim challenging the sufficiency of the State's evidence because he failed to exhaust the claim in state court and any attempt to exhaust the claim now would be barred by applicable state procedural rules. Specifically, Pritchett took no direct appeal pursuing a claim challenging the

sufficiency of the States's evidence, and it is too late for him to return to state court to do so. Pritchett also does not demonstrate cause for his procedural default.

As noted in the Recommendation, most of Pritchett's arguments regarding his alleged actual innocence seek to have this court review the evidence presented at trial and amount to nothing more than challenges to the sufficiency of and/or the weight afforded the evidence. However, such arguments cannot sustain a claim of actual innocence. See e.g., Rutledge v. Neilsen, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations of prosecution's failure to prove essential elements of offense go to sufficiency of and/or weight afforded the evidence presented and do not constitute "new reliable evidence" going to petitioner's actual innocence).

With regard to his alleged actual innocence, Pritchett also contended in his petition that a DHR employee named Autumn White informed him some time prior to trial that the minor victim told her that Pritchett "never made any sexual contact or sexual advances toward her" and never sent her any obscene material or text messages to her cell phone. Such alleged information from Autumn White was available to Pritchett before trial and thus does not constitute new evidence. Also, such evidence, if presented a trial, would have amounted to nothing more than impeachment evidence to challenge the credibility of the witnesses who testified for the State. The State presented ample evidence -- through several witnesses -- of Pritchett's guilt. "Sexual contact" was not an element of the offenses of which Pritchett was convicted. And substantial evidence was presented indicating Pritchett's enticement and solicitation of the minor victim through text messages he sent to her cell phone. Notably, White did not testify at trial, so there was not even any testimony from her that conceivably could have been impeached by her supposed statement to Pritchett. And, as pointed out in the Recommendation, Pritchett did not

submit an affidavit from White confirming Pritchett's assertions regarding what the victim allegedly told White.

In his objections, Pritchett does little else but argue that this court should look further into his claim of actual innocence (by, for instance, holding a hearing).  In neither his 2255 motion nor his objections does he present evidence sufficient to demonstrate actual innocence.  As noted in the Recommendation, the only evidence he has ever submitted in this regard, White's letter about the DHR's investigation, actually tends toward the inculpatory.

Therefore, the objections of the Petitioner are OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.  This case is DISMISSED with prejudice.

DONE this 12th day of November, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE